IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00471-RM-SBP

LOUIS WASHINGTON,

 Plaintiff,

v.

ROBERT WONG,
JOSEPH HESS,
DAVID WALLER,
LANCE DYER,
WESTON HALL,
MICHAEL TORRES, and
CITY OF AURORA, Colorado,

 Defendants.

---

**ORDER**

---

  This civil rights case is before the Court on Plaintiff's Rule 702 Motion to Exclude Expert Testimony of Defense Police Expert Michael Kmiecik (ECF No. 61), which has been briefed and is ripe for review (ECF Nos. 74, 78).  For the reasons below, the Motion is granted in part and denied in part.

**I.**  **BACKGROUND**

  Plaintiff asserts that Defendant police officers violated his rights under the Fourth Amendment and state law when they used a canine to arrest him inside his home.  (*See* ECF No. 85, ¶¶ 82-112.)  In his current Motion, Plaintiff seeks to preclude the testimony of Defendants' retained police expert, Mr. Kmiecik.

## II.    LEGAL STANDARD

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

The Court has the duty to act as a gatekeeper by ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019). If the Court determines that an expert is sufficiently qualified to render an opinion, it must then determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology. *See Nacchio*, 555 F.3d at 1241. In doing so, the Court considers (1) whether the testimony is based on sufficient facts or data; (2) whether it is the product of reliable principles and methods; and (3) whether the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702(b)-(d).

If the evidence is sufficiently reliable, the Court then evaluates whether the proposed evidence or testimony is sufficiently relevant that it will assist the jury in understanding the evidence or determining a fact at issue. *See Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). The Court has discretion in how it performs its gatekeeper function. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

2

### III.   ANALYSIS

Plaintiff challenges and relevance and/or reliability of all eighteen opinions summarized
in separately numbered paragraphs at the end of Mr. Kmiecik's 125-page report.  (*See* ECF
No. 61-1 at 121-23.)  However, the parties agree on a few points.  First, Defendants concede that
Opinions 1 and 2 are "not relevant as currently pled" and, therefore, properly excluded.[1]  (ECF
No. 74 at 12-13.)  Defendants also concede that Mr. Kmiecik should not be permitted to testify
that Plaintiff heard Defendants' various calls, warnings, and announcements as they entered the
home.  (*Id.* at 19 n.17.)  In addition, Plaintiff concedes that Mr. Kmiecik is qualified to be an
expert in this case.  (ECF No. 78 at 3.)

Having addressed these preliminary issues, the Court turns to the relevance and reliability
of Mr. Kmiecik's opinions in the context of this case.  To determine whether the use of force to
effect an arrest is reasonable under the Fourth Amendment, the Court considers the severity of
the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or
others, and whether he is actively resisting arrest or attempting to evade arrest by flight.
*See Andersen v. DelCore*, 79 F.4th 1153, 1163 (10th Cir. 2023) (citing *Graham v. Connor*, 490
U.S. 386, 396 (1989)).

The Court has little trouble concluding that Mr. Kmiecik's opinions regarding how police
perceive and respond to threats, particularly in the context of conducting a building search and
using a canine, are relevant.  Such testimony fits comfortably within the type of specialized

---

[1] Opinion 1 is that "[t]he Aurora Police Department directives would be generally accepted law
enforcement practices."  (ECF No. 61-1 at 121.)  Opinion 2 is that "Officer Wong and Loki's
bite ratio were well below accepted industry standards and do not represent a misbehaving dog
or a misbehaving dog handler."  (*Id.*)

knowledge that is likely to be helpful to a jury.  Indeed, these same topics are addressed in the

expert reports of Plaintiff's own expert.  (*See* ECF Nos. 74-3, 74-4.)  "Ultimately, the rejection

of expert testimony is the exception rather than the rule."  *O'Sullivan v. GEICO Cas. Co.*,

233 F. Supp. 3d 917, 922 (D. Colo. 2017) (quotation omitted).

 The Court specifically rejects Plaintiff's contention that Mr. Kmiecik's opinions on the

severity of the crime should be excluded because they contradict well-established law.  (*See* ECF

No. 78 at 6-7.)  Although the first *Graham* factor *may* weigh against the use of significant force

if the crime at issue is a misdemeanor, the Court does not agree that *Lee v. Tucker*, 904 F.3d

1145, 1149-50 (10th Cir. 2018), supports Plaintiff's position that misdemeanors *necessarily*

weigh against the use of significant force.  *See Andersen v. DelCore*, 79 F.4th 1153, 1164-65

(10th Cir. 2023) (concluding that first *Graham* factor weighed in officer's favor where plaintiff

was suspected of only misdemeanor crimes).

 Nor is the Court persuaded that Mr. Kmiecik's opinions should be excluded because they

are not supported by reliable methodology.  To the extent Plaintiff contends these opinions are

overly reliant on Mr. Kmiecik's experience, they may be challenged through appropriate cross-

examination at trial.  "Generally, questions concerning an expert's experience and the factual

basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather

than its admissibility."  *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 377 (D. Kan. 2010)

(citing *United States v. Varoz*, 740 F.2d 772, 775 (10th Cir. 1984)).  The Court finds that

Plaintiff's criticisms of Mr. Kmiecik's testimony go to its weight rather than its admissibility.

The jury, not Mr. Kmiecik, will ultimately be charged with determining whether the means

Defendants employed to effectuate Plaintiff's arrest violated the Fourth Amendment and state

law, and Plaintiff may challenge Mr. Kmiecik's methodology on cross-examination or by offering competing evidence at trial. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *O'Sullivan v. GEICO Cas. Co.*, 233 F. Supp. 3d 917, 922 (D. Colo. 2017) (quotation omitted). "The gatekeeper inquiry under Rule 702 is ultimately a flexible determination." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000).

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion (ECF No. 61) is GRANTED IN PART with respect to Opinions 1 and 2 set forth in Mr. Kmiecik's Expert Report (ECF No. 61-1 at 121) as well as with respect to whether Plaintiff heard Defendants' various calls, warnings, and announcements. Otherwise, the Motion is DENIED.[2]

DATED this 31st day of March, 2026.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge

---

[2] This Order does not, however, encourage or preclude further objections at trial based on the development of the trial evidence.